No. 24,402.

JOHN M. LANDON, as MANAGING RECEIVER, *Appellant* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

No. 24,403.

JOHN M. LANDON, as MANAGING RECEIVER, *Appellant* v. JOHN BARTON PAYNE, as AGENT, etc., *Appellee.*

SYLLABUS BY THE COURT.

1. CONTRACT TO FURNISH GAS—*Receivers of Gas Company Continue to Perform Contract—Receivers Bound by Terms of Contract.* Where the receivers of a public utility continue to render the service that had been performed by the owners under a valid contract, and there is no evidence to show that the receivers did anything to indicate that the service would not be rendered on the same terms as before, they cannot recover any compensation for the service except that named in the contract.

2. SAME—*Contract to Furnish Gas—Not a Contract to Furnish "Free Gas."* Natural gas furnished, under a contract, by a gas company to a railway company for use in the latter's freight and passenger depots and buildings appurtenant thereto, is not free or furnished without compensation where the railway company, in consideration for the gas furnished and the payment of a certain amount of money, agrees that the gas company may use a part of the right of way of the railway company on which to lay pipe lines for the transportation of gas.

3. SAME—*Interpretation of Ambiguous Contract.* The interpretation of an ambiguous contract placed on it by the parties to it will be followed by the courts where that interpretation is not inconsistent with the language of the contract.

Appeals from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 9, 1923. Affirmed.

*T. S. Salathiel,* of Independence, and *Robert Stone,* of Topeka, for the appellant.

*William R. Smith, Owen J. Wood, A. A. Scott,* all of Topeka, *John J. Jones,* of Chanute, and *Chester Stevens,* of Independence, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In each of these actions, the plaintiff seeks to recover for gas furnished to be used in the freight and passenger depots and in the tower of the Atchison, Topeka and Santa Fe railroad at Independence, Kan. Judgment in each case was rendered in favor of the defendant, and the plaintiff appeals in each case.

In 1904, the Kansas Natural Gas, Oil, Pipe-line & Improvement

Company contracted with the Atchison, Topeka, and Santa Fe Railway Company to furnish gas, free of cost, for lighting and heating its freight and passenger depots and buildings appurtenant thereto where such buildings were adjacent to the pipe lines of the gas company, and in consideration therefor the railway company contracted that the gas company might .lay its pipe-lines along or upon the right of way of the railway company, and in addition thereto the gas. company agreed to pay to the railway company $40 for each and every mile in length of pipe-line so laid. The gas company laid pipe-lines across the right of way of the railway company and the gas company and its receivers furnished gas from the time the pipe lines were laid until the commencement of this action. It does not appear that compensation other than that provided in the contract was ever paid for gas furnished to the railway company.

The Kansas Natural Gas Company is the successor in interest of the Kansas Natural Gas, Oil, Pipe-line & Improvement Company. In 1912, Conway F. Holmes, George F. Sharitt, and Eugene Mackey were by the United States district court appointed receivers for the Kansas Natural Gas Company and all of its properties. The order appointing the receivers contained the following:

"The court expressly reserves to itself the right to pass upon, approve, dis- approve, disavow and cancel any and all leases, arrangements and contracts of every nature, kind and description, under or by virtue of which, the de- fendant company has been or is now operating any of its leased lines and property; or selling or furnishing any of its gas for distribution and sale; or buying and acquiring any gas for use and transportation through its operated lines and no such lease, arrangement or contract shall be regarded as binding or taken by the receivers, until expressly ordered by this court in these pro- ceedings; and nothing herein contained shall be considered or taken as in any [way] accepting, approving, satisfying or adopting any such lease, arrange- ment or contract.

"The receivers shall exercise all such powers as are usually exercised by re- ceivers and all such as are necessary or convenient to the proper conduct by them of the business of the defendant corporation and they shall discharge all such duties as are within the line, scope or purpose of their appointment."

No other order appears to have been made by the United States district court affecting the contract between the gas company and the railway company.

On December 10, 1915, the public utilities commission made an order in a proceeding before it, in which John M. Landon and R. S. Litchfield, receivers for the Kansas Natural Gas Company were complainants, and a number of distributing companies, the city of

Lawrence, and a number of other cities then being supplied with natural gas by the Kansas Natural Gas Company were respondents. The Atchison, Topeka and Santa Fe Railway Company was not a party to that proceeding in any manner. ·That order contained the following provisions:

"It is further ordered, that the parties hereto are hereby authorized and permitted to discontinue the furnishing or supplying of so-called *free gas to cities,* notwithstanding it may be furnished in compliance with ordinances or franchise agreements.

"That the parties hereto are further authorized and permitted to discontinue the furnishing or supplying of free gas to any person or corporation for any reason whatsoever."

On December 28, 1915, in a proceeding then pending before the public utilities commission wherein the receivers of the Kansas Natural Gas Company were complainants and the city of Lawrence and others were respondents, a schedule of rates charged by the receivers for natural gas furnished by them to domestic and gas engine consumers was approved by the commission. That schedule fixed the domestic rates to be charged for natural gas in Independence at twenty-three cents a thousand cubic feet. The schedule provided for the discontinuance of furnishing gas without compensation, "commonly called 'free gas,'" and· provided that the users of such gas should thereafter pay the domestic rate therefor. It does not appear that the defendant in either case was a party to that proceeding, or was notified of it, or was notified of the schedule of rates approved by the commission.

1. The first contention of the receivers is that they were not bound by nor required to perform the contract between the Kansas Natural Gas, Oil, Pipe-line and Improvement Company and the Atchison, Topeka and Santa Fe Railway Company. So far as the abstracted evidence in these cases shows, they did perform the contract and there is no evidence to show that the receivers ever notified the defendant that there was any change in the relations that had existed between it and the Kansas Natural Gas Company. After acting under the contract and receiving its benefits, the receivers cannot avoid the obligations it created.

2. The second contention of the receivers is that—

"Irrespective of the meaning of the contract between the Improvement Company and the Railway Company . . . did the order of the public utilities commission authorize the receivers to discontinue free gas and the filing of the schedule with the public utilities commission by the receivers, dispense with the necessity of furnishing free gas to the railway company?"

The order of the commission made on December 10, 1915, permitted the receivers to stop furnishing natural gas free but did not command them to do so. The gas furnished to the defendant was not free. Compensation was given for it. That compensation was named in the contract between the Kansas Natural Gas, Oil, Pipeline & Improvement Company and the Atchison, Topeka and Santa Fe Railway Company.

3. The last contention of the receivers is that—

"The contract entered into between the Improvement Company and the Railway Company, does not by its terms under the facts established herein, require the receiver to furnish gas for the tower, freight depot and passenger depot at Independence, there being no pipe line of the receiver occupying the right of way adjacent to said points of delivery gas."

With this contention, the court cannot agree. In this respect, the contract may have been ambiguous, but the interpretation which seems to have been placed on it by the parties to it was that it required the gas company to furnish gas to the railway company at the places named. That interpretation was consistent with the language of the contract and must be considered in determining its meaning.

The judgment is affirmed.